MATTER OF K—

In DEPORTATION Proceedings

A–8178715

*Decided by Board March 9, 1962*

Deportability—Entry without inspection by falsely claiming United States citizenship—Exemption under section 241(f) of 1952 act, as amended—Effect of 8 CFR 242.7a.

(1) Having been granted, under section 212(c), a *nunc pro tunc* waiver of inadmissibility based on conviction of a crime involving moral turpitude, respondent is relieved from deportability by the application of section 241(f) of the Act with respect to entry without inspection resulting from his false claim to United States citizenship and the concomitant exercise of section 211(b) to waive the documentary ground.

(2) 8 CFR 242.7a authorizes the favorable exercise of the discretion contained in section 211(b) for persons not otherwise subject to deportation who are "qualified for an exemption from deportability under section 241(f)"; that language also covers other deportation grounds flowing directly from the "fraud or misrepresentation" referred to specifically in section 241(f). The section of law under which the deportation charge is laid is immaterial; in this case section 241(f) exempts the respondent from deportation under section 241(a)(2) as an alien who entered without inspection.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry under section 212(a)(9) as an alien convicted of crime.

Lodged: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

**BEFORE THE BOARD**

DISCUSSION: The special inquiry officer, on October 25, 1961, entered an order terminating this proceeding by waiving the deportation charges that the respondent was excludable at the time of entry as a criminal alien and deportable as one who entered without inspection (8 U.S.C. 1251(a)(1) and (2)). The order has been certified to us for review of the discretionary action taken by the special inquiry officer and for final decision (8 CFR 3.1(c) and 103.4). The Immigration Service takes no exception to the order of the special inquiry officer.

585

The respondent, a native and citizen of Poland, male, unmarried, 19 years of age, was admitted to the United States for permanent residence at the port of New York on December 1, 1951. He was convicted on October 23, 1959, in the Circuit Court of Oakland County, Michigan, for the crime of breaking and entering in the daytime and sentenced to a term of probation of three years, the first 60 days of which he was confined in the Oakland County Jail. The respondent last entered the United States through the port of Detroit, Michigan, on or about December 15, 1960. The immigration officer permitted him to enter on the strength of his statement that he was a citizen of the United States. The respondent concedes that he is deportable as charged under 8 U.S.C. 1251(a)(1) and (a)(2).

The respondent applied for discretionary relief in the form of waivers of the deportation charges under the discretion provided by sections 211(b), 212(c), and 241(f) of the Immigration and Nationality Act [1] (8 U.S.C. 1181(b), 1182(c), and 1251(f)). A nunc pro tunc [2] waiver under section 212(c), supra, of the criminal ground for exclusion presents no difficulty. The respondent meets the statutory requirements of this provision of the Immigration and Nationality Act. He is an alien who was lawfully admitted for permanent residence on December 1, 1951. His voluntary departure to Canada was for a temporary visit of two hours. He was returning to a lawful unrelinquished domicile of seven consecutive years when he reentered the United States on or about December 15, 1960. The reports of investigation by the Immigration and Naturalization Service and the probation officer clearly indicate that a favorable exercise of the discretion contained in section 212(c) is warranted in the respondent's case.

The principal issue presented by the case is whether there is a sound basis in law for the special inquiry officer's conclusion that the respondent's immigration status can be fully adjusted by waiving the remaining deportation charge, to wit, "that he last entered without inspection." Ordinarily, in the case of a surreptitious entry this charge cannot be waived. However, in respondent's case he entered without inspection by falsely claiming to the immigration officer that he was a citizen of the United States. His entry, therefore, was by fraud in that he misrepresented his true nationality.

---

[1] See Appendix for the text of sections 211(b), 212(c) and 241(f) of the Immigration and Nationality Act.

[2] Relief may be granted, nunc pro tunc, in deportation proceedings where the charge is based on grounds for exclusion existing at the time of entry if the exercise of discretion was then available. Matter of P—, 7—713; Matter of F—, 6-537.

The fact that the "entry without inspection" charge flows from the respondent's misrepresentation of his true nationality raises the question of whether he qualifies for an exemption from deportability under a recent amendment to section 241 of the Immigration and Nationality Act. P.L. 87-301, Act of September 26, 1961, adds subsection (f) to the provisions of section 241 (see Appendix).

Section 241(f), insofar as is pertinent here, provides in substance that an alien is not subject to deportation on the ground that he was excludable at the time of entry as an alien who sought ". . . entry into the United States by fraud or misrepresentation . . ." provided the alien is "otherwise admissible" and is "the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence" (8 U.S.C. 1251(f)).

The respondent, 19 years of age and unmarried, is a "child" of a legally resident alien as the quoted term is defined by section 101(b)(1)(C) of the Immigration and Nationality Act (8 U.S.C. 1101(b)(1)(C)). He is also an alien who was excludable at the time of entry as one who sought to enter the United States by fraud and misrepresentation. The remaining consideration, insofar as adjusting the respondent's immigration status under the provisions of section 241(f), *supra*, is a determination of whether the respondent can qualify as an "otherwise admissible" alien at the time of his last entry on or about December 15, 1960. If he can, section 241(f) requires the termination of deportation proceedings in cases where the alien would have been admissible except for the fact that he made a misrepresentation to secure entry (*Matter of Y—*, 8—143 (B.I.A., 1959).

To reach a conclusion as to whether the respondent could qualify as an "otherwise admissible" alien at the time of entry and, therefore, within the provisions of section 241(f), *supra*, it is necessary to review the grounds of inadmissibility which existed at the time of respondent's last entry. We have already noted that the respondent was inadmissible as a criminal alien under section 212(a)(9) (8 U.S.C. 1182(a)(9)). We have also noted that the respondent qualifies for a waiver of his inadmissibility on this ground by an exercise of the discretion contained in section 212(c) (8 U.S.C. 1182(c)).

There is an additional ground of inadmissibility that must be waived before the respondent can qualify as an "otherwise admissible" alien within the meaning of section 241(f), *supra*. The respondent on the occasion of his last entry did not present proper documents and was, therefore, excludable under section 212(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(20)). The respondent testified that he has an alien registration card (I-151) but did not have it with him at the time of his last entry . . .

587

"I told him (immigration officer) I was born in Detroit" (p. 4 of Exh. 3; R.H. p. 7).

Section 211(b) of the Immigration and Nationality Act (see Appendix) provides in substance that the Attorney General in his discretion and "*under such conditions as may be by regulations prescribed*" may authorize the readmission without documents of "otherwise admissible" aliens who have been "lawfully admitted for permanent residence" and who departed from the United States "temporarily." 8 CFR 242.7a is the regulation prescribing the conditions under which the Attorney General's discretion may be exercised to authorize an alien's readmission without documents. This regulation, in addition to the statutory requirement of a previous lawful admission for permanent residence, limits the alien's temporary absence to less than one year. It also contains a proviso which reads:

*Provided*, That such alien . . . (b) having been otherwise excludable at the time of entry is with respect thereto qualified for an exemption from deportability under section 241(f) of the Act, and (c) is not otherwise subject to deportation.

Clause (b) of the proviso presents no problem. Our prior discussion clearly establishes that the respondent is qualified under section 241(f) for an exemption from deportation on a charge laid under section 241(a)(1) (8 U.S.C. 1251(a)(1)) in that at the time of his last entry he was inadmissible under section 212(a)(19) as an alien who entered by fraud or misrepresentation (8 U.S.C. 1182(a)(19)). Clause (c) of the proviso, however, limits the exercise of the discretion contained in section 211(b) of the Immigration and Nationality Act to aliens who are not "otherwise subject to deportation." The respondent in this case is "otherwise subject to deportation" on two charges. He is subject to deportation under the two categories mentioned in section 241(a)(2), to wit, an alien who is in the United States in violation of law and on the charge lodged during the hearing, namely, "entry without inspection."

We said in *Matter of Y—*, 8—143 (1959), that the predecessor to section 241(f), namely, section 7 of P.L. 85–316 (Act of September 11, 1957), is remedial legislation and should be interpreted as far as possible to permit adjustment of status without requiring family separations. Section 241(f), in setting up an exemption from deportation for aliens who were excludable at the time of entry by reason of procuring fraudulent documentation or misrepresenting their true status at the time of entry, refers to "the *provisions* [plural] of this section relating to the deportation of aliens within the United States . . ." Actually, there is only one provision of section 241 concerned with the deportation of excludable aliens, namely, section 241(a)(1), which

provides for the deportation of any alien who "at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry."

There are, however, other provisions of section 241(a) which render an alien deportable after entry on charges which flow directly from the entry by fraud or misrepresentation. The two charges set forth in section 241(a)(2) come within this category. Since section 241(f) describes in *general terms* aliens whose documentation or entry was procured by fraud or misrepresentation, we are of the opinion that it was the intent of Congress to save from deportation those aliens who were admissible except for the fact that they had made fraudulent statements regardless of the provision of the statute under which their deportation is sought. The section of the law under which the deportation charge is laid is immaterial. Cf. *Matter of S—*, 7—715, 717 (B.I.A., 1958).

Applying the rule to this case, we conclude that 8 CFR 242.7a presents no bar to exercising the discretion contained in section 211(b), *supra*, thereby removing the deportation charge which flows from the fact that the respondent last entered without documents (sections 241(a)(1) and 212(a)(20) of the Immigration and Nationality Act; 8 U.S.C. 1251(a)(1) and 1182(a)(20)). By the same token, section 241(f) exempts the respondent from deportation under section 241(a)(2) as an alien who entered without inspection.

The action taken by the special inquiry officer terminating this proceeding pursuant to the provisions of sections 212(c), 211(b), and 241(f) of the Immigration and Nationality Act (8 U.S.C. 1182(c), 1181(b) and 1251(f)) should be affirmed. An appropriate order will be entered.

ORDER: It is directed that the decision and order of the special inquiry officer dated October 25, 1961, terminating the proceedings be and the same are hereby affirmed.

### APPENDIX

Section 211(b), Immigration and Nationality Act:

Notwithstanding the provisions of section 212(a)(20) of this Act, in such cases or in such classes of cases and under such conditions as may be by regulations prescribed, otherwise admissible aliens lawfully admitted for permanent residence who depart from the United States temporarily may be readmitted to the United States by the Attorney General in his discretion without being required to obtain a passport, immigrant visa, reentry permit or other documentation.

Section 212(c), Immigration and Nationality Act:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are re-

turning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraph (1) through (25) and paragraphs (30) and (31) of subsection (a). Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 211 (b).

## Section 241(f), Immigration and Nationality Act:

The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.