MATTER OF WONG

In Deportation Proceedings

A-13679199

*Decided by Board January 3, 1967*

A 13-year-old alien at the time of her admission in 1952 who claimed entry "as a daughter of a United States citizen", and who did not learn until 1962 that her father was not a bona fide citizen, did not willfully and knowingly make a false or misleading statement upon admission even though she did not understand in what status she was entering; hence, she has been "inspected" within the meaning of section 245, Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—No immigration visa.

ON BEHALF OF RESPONDENT: Robert S. Bixby, Esquire,
559 Washington Street
San Francisco, California 94111
(Brief filed)

The respondent, an unmarried female, 28 years of age, a native and citizen of China, has been found deportable under section 241(a)(1) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(1)) as an alien who was excludable at the time of entry in that she was an immigrant without an immigration visa. An order entered by the special inquiry officer on January 26, 1966 provided for the respondent's deportation to the Republic of China and denied an application for adjustment of status to that of a permanent resident alien pursuant to the provisions of section 245 of the Immigration and Nationality Act (8 U.S.C. 1255).

The respondent's appeal from the order entered by the special inquiry officer on January 26, 1966 was before this Board in July of 1966. After careful review of the record the Board remanded the case to the special inquiry officer for further consideration of whether the respondent had been "inspected" within the meaning of section 245

(*supra*). The case is again before us on certification in accordance with 8 CFR 3.1(c).

The respondent last entered the United States on January 3, 1952 and was admitted as a United States citizen. She was 13 years of age at the time. After thorough consideration of the record we were of the opinion that the respondent presented herself to an immigrant inspector and represented herself as a citizen of the United States, honestly believing this to be the truth. Following the rule enunciated in *Matter of F–*, 9 I.&N. Dec. 54, a decision approved by the Assistant Commissioner on October 7, 1960, we held that the respondent must be considered to have been "inspected" within the meaning of section 245 provided that she honestly believed herself to be a United States citizen and did not knowingly or wilfully make a false claim to citizenship at the time of entry. We remanded the case to the special inquiry officer for consideration of the question of whether the respondent entered in good faith and was otherwise eligible for adjustment of status.

The case is again before us with an opinion by the special inquiry officer denying relief under section 245 of the Immigration and Nationality Act. The special inquiry officer states in his opinion that since the respondent did not know in what status she was coming to this country "it is obvious that she could not have 'honestly believed' she was a citizen of the United States." The special inquiry officer refers to testimony of the respondent wherein she stated that she "really didn't have any slightest idea" as to what status she possessed when entering the United States (p. 28). She testified that she did not know that she was entering the United States as a citizen. The special inquiry officer reasons that since the respondent lied about the very fact which led to admission as a United States citizen it is obvious that she could not have entered in "good faith" honestly believing that she was a citizen.

The controlling factor in the respondent's case is whether there was an absence of a wilfull and knowingly false claim of citizenship. The respondent was 13 years of age when she was examined by the immigrant inspector at the port of entry. She was questioned at that time as follows:

Q. Under what rights do you claim your admittance to the United States?
A. As a daughter of a United States citizen.

There is no doubt that the respondent thought she was entitled to enter the United States since her true father was bringing her to this country. The respondent did not learn that her father was not a bona fide citizen until 1962. She believed that her true father was entitled to bring her to the United States to join him, even though she did not

9

understand in what status she was entering. Under the circumstances, the respondent did not wilfully and knowingly make any false or misleading statement. Accordingly, the respondent must be considered to have been "inspected" within the meaning of section 245 of the Immigration and Nationality Act.

We find that on this record the respondent was inspected and admitted into the United States; that she has made an application for adjustment of her status; that she is eligible to receive an immigration visa; that she is admissible to the United States for permanent residence and that an immigrant visa is immediately available to her by reason of her preference status. An appropriate order will be entered.

**ORDER:** It is directed that the order entered by the special inquiry officer on November 9, 1966 be and the same is hereby withdrawn.

*It is further directed* that the appeal be and the same is hereby sustained; the alien's application for status as a permanent resident alien pursuant to the provisions of section 245 of the Immigration and Nationality Act is hereby granted.