MATTER OF MUSLEMI

In Deportation Proceedings

A-17256526

*Decided by Board May 31, 1967*

In the absence of overriding equities, adjustment of status under section 245, Immigration and Nationality Act, as amended, is denied, as a matter of discretion, in the case of respondent who entered the United States as a nonimmigrant but with the preconceived intent to marry his United States citizen paramour and remain here permanently.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable by law existing at time of entry (section 212(a)(20), Immigration and Nationality Act; 8 U.S.C. 1182)— Immigrant, no visa.

ON BEHALF OF RESPONDENT:
Milton T. Simmons, Esquire
Phelan, Simmons & Ungar
1210 Mills Tower
220 Bush Street
San Francisco, Calif. 94104
(Counsel not present at oral argument but submitted a brief in support of the special inquiry officer's decision)

ON BEHALF OF SERVICE:
Robert A. Vielhaber
Appellate Trial Attorney
(Oral argument)

Stephen M. Suffin
Trial Attorney
(Brief filed)

The Immigration and Naturalization Service has appealed from a special inquiry officer's order of January 25, 1967, directing that the respondent's application for adjustment of his status to that of a permanent resident, under section 245 of the Immigration and Nationality Act, be granted. Its appeal will be sustained.

The record relates to a 23-year-old male alien, a native of India and citizen of Iran, who last entered the United States on or about January 4, 1966. He was then admitted as a nonimmigrant temporary visitor, and he was subsequently authorized to remain in this country in that status until September 3, 1966. It was his intention, after coming to the United States, to apply for status as a permanent resident

and to stay permanently, if he could. He was, therefore, an immigrant at the time of his entry. However, he was not then in possession of an immigrant visa.

On the basis of the foregoing, we concur in the special inquiry officer's conclusion that the respondent's deportability on the charge contained in the order to show cause is sustained. This is unchallenged here.

The special inquiry officer felt constrained to grant this respondent's application for adjustment of his status to that of a permanent resident because of a prior precedent decision of this Board (*Matter of Tonga*, A–14674907, 5/23/66; Int. Dec. No. 1588). Counsel for the respondent, in his brief in support of the special inquiry officer's decision, also expresses the opinion that our decision in that case required the action taken by the special inquiry officer. Before proceeding to a disposition of this respondent's application on the merits, we will briefly point out the reasons why their reliance on that precedent decision was misplaced.

The trial attorney, in his succinct appeal brief, has cited numerous precedent decisions of this Board holding that circumvention of the visa-issuing function of an American Consul abroad is a major adverse factor to be considered in the evaluation of an application for adjustment of status which, in the absence of exceptionally strong intervening equities, should result in the denial of adjustment of status, as a matter of discretion. Our decision in *Matter of Tonga*, *supra*, was not intended to and did not overrule the precedent decisions referred to by the trial attorney. The sole basis for our initial decision in *Tonga* was his then statutory ineligibility for relief. Obviously, therefore, any discussion in our opinion at that time as to the question of whether or not favorable exercise of relief was warranted was of secondary importance and not decisive. We did discuss that aspect of the case at that time, but only because it was then apparent to us that the special inquiry officer had concluded his inquiry along those lines with the establishment of the fact that the respondent had formed a "preconceived intent" to remain in the United States and, thus, to circumvent the normal visa-issuing process. We then merely pointed out that there were other factors which had to be considered, to wit, intervening equities. We did not then decide, because we were not called upon to do so, that the factors in Tonga's case were of such an unusually meritorious nature as to call for favorable exercise of discretion. (Note: On May 3, 1967, we found they were not.)

The respondent is now married to a native-born citizen of the United States whom he met in Bombay, India. At the time, she was

living with her first husband who was then an employee of the Bank of America there, was as the respondent. Marriage in India being impractical, the respondent and his now wife evolved a plan whereby she would return to the United States and obtain a divorce; the respondent would enter the United States as a visitor; they would be married; and he would then apply for adjustment of his status to that of a permanent resident.

In furtherance of the foregoing plan, the respondent obtained a nonimmigrant visitor's visa from the American Consulate General at Bombay, India. On his application for the visa, he stated that he intended to visit in the United States for three months (p. 9). He did not tell the Consul his true purpose in coming to the United States, because he was afraid that if he had told the truth he might not obtain his visa (p. 7).

As indicated above, the respondent was admitted to the United States as a visitor on January 4, 1966. His citizen wife subsequently obtained a divorce terminating her first marriage. She and the respondent were thereafter married at Reno, Nevada, on September 7, 1966.

The respondent is employed as a waiter and dishwasher in a restaurant earning $16 a day. His wife makes approximately $300 a month for her services as a clerk-typist. The two children of her first marriage reside with and are cared for by the parents of her first husband.

We agree with the Service that the foregoing factors establish that the respondent was not a bona fide nonimmigrant at the time of his entry, inasmuch as he then had a preconceived intent to remain in the United States permanently. His citizen wife, who accompanied him to the United States, was a major motivating factor of and a participator in his plan to circumvent the normal Consular visa issuing process. In our opinion, the misrepresentation to the Consul abroad thus established constitutes an unfavorable factor which outweighs the favorable one, to wit, the presence here of a citizen wife.

In other words, the respondent's only equity in this case is the presence here of a citizen wife. In our opinion, this is more than offset by her participation in the deceit practiced by her husband, the respondent. We do not think they should be permitted to plead their own deceit as the basis for the favorable exercise of discretion. Accordingly, we conclude that the special inquiry officer has improperly granted the respondent's request for the extraordinary discretionary relief of adjustment of status to that of a permanent resident. His decision, therefore, is reversed.

Both the respondent and his wife have admitted that they lived together as husband-wife before she obtained the divorce terminating

her first marriage. In addition, the respondent has testified that when applying for an extension of his stay in the United States as a temporary visitor, on or about September 1, 1966, he lied to an immigration officer about having an airline ticket with which to depart from the United States (p. 16); and that he did not admit the truth of the matter to the immigration officer until the latter came to his apartment about an hour later (p. 17). Under these circumstances, we do not think that favorable exercise of discretionary relief in the form of voluntary departure is warranted in these premises.

In conclusion, the respondent reluctantly specified India as the country to which he should be deported, in the event such action became necessary. That is the country of his nativity. We will direct his deportation thereto.

ORDER: It is ordered that the Service appeal be sustained; that the special inquiry officer's order of January 25, 1967, be withdrawn; and that the respondent be deported from the United States to India on the charge contained in the order to show cause.