## MATTER OF CHAN

### IN DEPORTATION PROCEEDINGS

### A-13786380

*Decided by Board October 4, 1967*

The provisions of section 241(f) of the Immigration and Nationality Act, as amended, do not encompass the case of an alien who entered the United States surreptitiously, without making any fraudulent misrepresentation to an immigration officer (having been smuggled in the rear of a delivery truck). [*Matter of Cordero-Santana*, Int. Dec. No. 1694, and *Matter of K—*, 9 I. & N. Dec. 585, distinguished; *Errico* v. *I. & N. Service*, 385 U.S. 214 (1966), inapplicable.]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

ON BEHALF OF RESPONDENT: Ernest J. Hover, Esquire
409 Semler Building
621 S.W. 3rd Avenue
Portland, Oregon 97204

The respondent, a native and citizen of China, appeals from an order entered by the special inquiry officer on June 30, 1967 directing his deportation on the charge that he last entered the United States without inspection (section 241(a)(2), Immigration and Nationality Act; 8 U.S.C. 1251(a)(2)). Counsel on appeal urges error on the part of the special inquiry officer in denying a waiver under the provisions of section 241(f) of the Immigration and Nationality Act and for denying the respondent's application for voluntary departure in lieu of deportation.

The respondent, a married male alien, 47 years of age, last entered the United States at the port of Detroit, Michigan on July 12, 1962. He was smuggled into the United States in the rear of a delivery truck from Windsor, Ontario to Detroit, Michigan. He did not present himself for inspection by an immigration officer and is deportable as charged in the order to show cause.

The respondent seeks a waiver of his deportability under the provi-

sions of section 241(f) of the Immigration and Nationality Act. He cites the Board's decision in the case of *Cordero-Santana* (Int. Dec. No. 1694) as authority for his eligibility for a waiver under section 241(f) (*supra*). The special inquiry officer finds that the respondent is ineligible for relief under the authority of the *Cordero-Santana* case (*supra*) because unlike Cordero-Santana the respondent is not charged with being deportable under section 241(a)(1) of the Immigration and Nationality Act as an alien excludable at the time of entry who procured a visa or document or entry into the United States by fraud or misrepresentation. The special inquiry officer reasons that the respondent is an alien not otherwise admissible at the time of entry because he never satisfied the documentary requirements of the Act.

We agree with the special inquiry officer that the respondent's case is distinguishable from that of *Cordero-Santana* (*supra*). Furthermore, we are of the opinion that our decision in *Matter of K—*, 9 I. & N. Dec. 585, does not support counsel's claim that the principle set forth in *Errico* v. *Immigration and Naturalization Service*, 385 U.S. 214 (1966), is applicable to the respondent's case. K— was found deportable under the provisions of section 241(a)(1) as an alien excludable at the time of entry under section 212(a)(9), to wit, an alien convicted of crime and under section 241(a)(2) as an alien who entered without inspection. Relative to the entry without inspection charge, K— entered by falsely claiming to the immigration officer that he was a citizen of the United States. His entry, therefore, was by fraud in that he misrepresented his true nationality. We held that section 241(f) required the termination of the deportation proceeding since the alien would have been admissible except for the fact that he made a misrepresentation to secure entry and he became an "otherwise admissible alien" pursuant to waivers under sections 211(b) and 212(c) of the Act.

The respondent's case, however, is distinguishable from *Matter of K—*. While it is true that he entered "without inspection" nevertheless he entered surreptitiously and made no fraudulent misrepresentation to an immigration officer. The Supreme Court's decision in *Errico* (*supra*) held that section 241(f) waived any deportation charge that resulted directly from the misrepresentation regardless of the section of the statute under which the charge was brought provided that the alien was "otherwise admissible" at the time of entry. Since the deportation charge here under consideration did not result from any misrepresentation on the part of the respondent because he entered surreptitiously, we conclude that the Supreme Court's decision in *Errico* is not applicable here.

The respondent applied for the privilege of voluntary departure

480

under the provisions of section 244(e) of the Immigration and Nationality Act. The special inquiry officer denied the respondent's application on the ground that he (respondent) made no assurance that he would depart promptly from the United States as required by 8 CFR 244.1.

We have carefully reviewed the record with regard to this finding. The respondent when questioned as to whether he would comply with an order granting voluntary departure replied, " I hope the Government will allow me to stay." The special inquiry officer intervened and informed the respondent, "You are not answering the question." The respondent replied, "This question I do not know how to answer." The trial attorney then stated for the record, "We will drop that inquiry. We submit there is no intention on the part of this respondent to depart from the United States, and that he will not go" (pp. 25, 26).

The respondent has a wife and seven children who are lawful residents of the United States. They entered as refugees on December 26, 1962. It is alleged that he operates a restaurant business which has a volume of $10,000 annually. His father has resided in the United States at Portland, Oregon for many years. We are of the opinion that on this record the grant of voluntary departure in lieu of deportation is warranted. An appropriate order will be entered.

ORDER: It is ordered that the outstanding order of deportation be withdrawn and the alien be permitted to depart from the United States voluntarily without expense to the Government, to any country of his choice, within such period of time, and under such conditions as the officer-in-charge of the District deems appropriate.

*It is further ordered* that if the alien does not depart from the United States in accordance with the foregoing, the order of deportation be reinstated and executed.