MATTER OF PEREZ-ECHEVERRIA

In Deportation Proceedings

A-19998844

*Decided by Board May 7, 1973*

Notwithstanding he possesses the requisite familial relationship, an alien who entered this country without an immigrant visa on a willfully fraudulent claim to United States citizenship, is ineligible for the benefits of section 241(f) of the Immigration and Nationality Act, as amended. (Decision of the Attorney General in *Matter of Lee*, 13 I. & N. Dec. 214, adhered to, notwithstanding Ninth Circuit dictum in *Cabuco-Flores* v. *INS*, 477 F.2d 108 (C.A. 9, 1973), indicating continued adherence by that Circuit to contrary view.)

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—not in possession of valid unexpired immigrant visa, etc., and not exempted from possession under section 212(a)(20) of the Act.

ON BEHALF OF RESPONDENT:
Mark W. Rollins, Esq.
Boggust & Dotson
Second and E Streets
Brawley, California 92227
(Brief filed)

ON BEHALF OF SERVICE:
William S. Howell
Trial Attorney

This is an appeal from an order of an immigration judge, finding the respondent to be deportable, denying his request for termination of the proceedings, and granting his application for voluntary departure. The appeal will be dismissed.

Respondent is a 26-year-old male alien, a native and citizen of Mexico, who last entered the United States on or about August 20, 1972 when he was admitted as a United States citizen on fraudulently presenting the birth certificate of his deceased brother, who had been born in the United States. At a hearing before an immigration judge on September 13, 1972, at which he was represented by present counsel, respondent admitted the truth of the factual allegations of the order to show cause but denied deportability. It was brought out that respondent is married to a United States citizen and they have two United States citizen

children, born respectively in 1968 and 1971. On the basis of these relationships and the fraud involved in obtaining admission as a citizen, respondent requested that the proceedings be terminated under section 241(f) of the Immigration and Nationality Act. The immigration judge denied termination, found respondent to be deportable, and granted him the privilege of voluntary departure on or before October 13, 1972.

On appeal, counsel argues that termination under section 241(f) is required by *Lee Fook Chuey* v. *INS*, 439 F.2d (C.A. 9, 1970). That decision, it is true, held that an alien who, like respondent, entered without inspection as an alien and without the required immigrant visa is not barred from the benefits of section 241(f) as one not "otherwise admissible." In *Cabuco-Flores* v. *INS*, 477 F.2d 108 (C.A. 9, 1973) the same court by way of dictum indicated its continued adherence to the rationale of its decision in *Lee Fook Chuey*. As we pointed out, however, in *Matter of Mangabat*, Interim Decision No. 2131 (BIA, 1972), we are bound by the Attorney General's decision in *Matter of Lee*, 13 I. & N. Dec. 214 (AG, 1969). The Attorney General therein held that Congress did not intend by section 241(f) "to permit the complete circumvention of the immigration visa system established by the Act. Such a circumvention would result from a holding that section 241(f) applies to an alien who neither was granted nor applied for an immigrant visa, but obtained his initial entry by posing as a citizen."

While the Attorney General's holding in *Matter of Lee, supra,* was reversed on judicial review in *Lee Fook Chuey* v. *INS, supra, the court's expansive reading of section 241(f) in that case still represents a minority view. The failure of the Solicitor General to seek review of that decision in the Supreme Court does not indicate acquiescence.* For the reasons elaborated in *Matter of Mangabat, supra,* with due deference to the views of the Ninth Circuit, we feel justified in continuing to adhere to the Attorney General's conclusion that section 241(f) does not benefit an alien who entered without visa or inspection as an alien on a wilfully false citizenship claim.

**ORDER:** The appeal is dismissed.

**Further order:** Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.

348