MATTER OF CASTRO

In Deportation Proceedings

A-10489741

*Decided by Board December 4, 1973*

(1) An alien admitted for permanent residence who departed to Mexico in May 1963; who severed his ties with the United States, moved his family to Mexico, acquired land, built a house, and obtained steady employment in Mexico, where he remained for six years, except for his numerous brief business trips to the United States, was not, upon his return to the United States in 1969, "returning from a temporary visit abroad" within the meaning of section 101(a)(27)(B) of the Immigration and Nationality Act and was not entitled to admission as a returning resident through presentation of his Alien Registration Receipt Card (Form I-151).

(2) Notwithstanding he possesses the requisite familial relationship, the alien in the instant case is ineligible for the benefits of section 241(f) of the Act, as amended, since he was required to be in possession of an immigrant visa at the time of his return to the United States from Mexico in 1969 and, therefore, was not "otherwise admissible" (*Matter of Lee*, 13 I. & N. Dec. 214, 218 (1969)).*

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)] Excludable at entry under section 212(a)(20)—no valid immigrant visa.

ON BEHALF OF RESPONDENT:
Sam Williamson, Esquire
1320 Americana Bldg.
Houston, Texas 77002

ON BEHALF OF SERVICE:
Bernabe Q. Maldonado
Trial Attorney

The respondent has appealed the decision of an immigration judge which was rendered on April 13, 1973, and which ordered the respondent's deportation. The appeal will be dismissed.

The respondent is a native and citizen of Mexico who was admitted to the United States as an immigrant in 1956. In May of 1963 the respondent returned to Mexico, apparently at the behest of his father. He subsequently purchased land and built a house in Mexico. He resided there with his family until September of 1969;

---

* Reversed and remanded. See *Castro-Guerrero v. Immigration and Naturalization Service*, 503 F.2d 964 (C.A. 5, 1974). Affirmed, 515 F.2d 615 (C.A. 5, 1975).

however, he claims to have entered the United States once or twice a month during that period in connection with his job as the manager of a Mexican hotel. While the respondnet has testified that his preference was to remain in the United States, and that he only stayed in Mexico to please his father, he nevertheless substantially severed his connections with the United States for a period of six years and failed to take any steps which might indicate an attempt to retain permanent resident status.

After his father's death in 1969, the respondent returned to the United States, evidently with the expectation of residing here indefinitely. Since then he has occasionally returned to Mexico for a visit or vacation. He last entered the United States in March of 1971. Subsequent to his admission as an immigrant in 1956, all of the respondent's entries appear to have been accomplished through the presentation of an alien registration receipt card (Form I-151). It is on the basis of essentially these facts that the Service charged the respondent with being deportable as an immigrant not in possession of a valid entry document.

At his hearing, the respondent denied deportability, contending that section 241(f) of the Immigration and Nationality Act exempts him from deportation under the charge contained in the Order to Show Cause. On appeal, the respondent also asserts that there was no finding that he had abandoned his residence in the United States, apparently reasoning that he would not be deportable in the absence of such a determination. We shall deal with this latter issue first.

As briefly indicated earlier, the respondent was charged with being deportable under section 241(a)(1) as an alien excludable at his latest entry under section 212(a)(20) of the Act. Section 212(a)(20) mandates the exclusion of any *immigrant* who in seeking admission does not possess the required documentation. Section 101(a)(15) defines "immigrant" to include every alien who cannot qualify as a nonimmigrant. It is clear that the respondent would not have been classifiable as a nonimmigrant, given his intention to reside indefinitely in the United States. See section 214(b), Immigration and Nationality Act. Thus, although the respondent had once been admitted for the purpose of residing permanently, he was still subject to the regulations and the provisions of the Act regarding the qualifications necessary for readmittance.

Section 211(b) of the Act is the basic statutory provision authorizing the liberalization of documentary requirements for aliens previously admitted as immigrants. Pursuant to this section and the related regulations, an alien who qualifies as a "returning resident immigrant" may be admitted in the absence of an immigrant visa or, in an appropriate case, without any other documen-

tation. Under section 101(a)(27)(B), to which section 211(b) refers, a "returning resident immigrant" is defined as "an immigrant, lawfully admitted for permanent residence, who is returning from a temporary visit abroad." Although there is an issue as to whether the respondent could qualify as having retained his status as an alien lawfully admitted for permanent residence,[1] it is evident that he cannot be viewed as returning from a temporary visit abroad, and he fails on this ground to satisfy the statutory definition of a "returning resident immigrant."

The cases which have construed the phrase "temporary visit" have established several factors which must be taken into consideration. First, the duration of the absence has a definite bearing on whether it can be deemed "temporary." See *Gamero* v. *INS*, 367 F.2d 123 (C.A. 9, 1966). Cf. *Matter of Salviejo*, 13 I. & N. Dec. 557 (BIA 1970). Second, the location of the alien's family ties, property holdings and job all relate to a determination regarding the character of a visit abroad. *Santos* v. *INS*, 421 F.2d 1303 (C.A. 9, 1970); *Matter of Salviejo*, supra. Finally, the intention of the alien with respect to both the location of his actual home and the anticipated length of his excursion have been deemed of significance to this inquiry. *U.S. ex rel. Lesto* v. *Day*, 21 F.2d 307 (C.A. 2, 1927); *Matter of Montero*, Interim Decision No. 2216 (BIA 1973).

As indicated, on the facts of this case the respondent cannot be viewed as returning from a temporary visit abroad. Except for his numerous brief business trips to the United States, the respondent remained in Mexico for six years. He severed his ties with the United States, moved his family to Mexico, acquired land, built a house and obtained steady employment there. Thus, regardless of what his ultimate intent might have been, we hold that the respondent's stay in Mexico cannot be deemed temporary. He therefore was not entitled to admission through the presentation of his alien registration receipt card.

The respondent nevertheless maintains that he is saved from deportation by the operation of section 241(f) of the Act. By its terms, section 241(f) precludes the deportation of an alien on a charge relating to the procurement of entry or documentation through fraud or misrepresentation, if the alien was "otherwise admissible at entry" and is the spouse, parent or child of a United States citizen or of an alien lawfully admitted for permanent residence. The respondent in this case has two citizen children and therefore clearly satisfies the familial relationship requirement of

---

[1] *Compare Matter of Antolin*, 12 I. & N. Dec. 127 (BIA, 1967), and *Matter of Sias*, 11 I. & N. Dec. 171 (BIA, 1965), with *Gooch* v. *Clark*, 433 F.2d 74 (C.A. 9, 1970), cert. den., 402 U.S. 995 (1971), and *Matter of M—P—*, 9 I. & N. Dec. 747 (BIA, 1962).

this section. There is some question regarding whether the requisite misrepresentation exists. However, we need not resolve this issue because we have concluded that the respondent does not meet the "otherwise admissible at entry" qualification of the statute, as construed by prior administrative decisions.

In *Matter of Lee*, 13 I. & N. Dec. 214, 218 (A.G. 1969), the Attorney General interpreted the "otherwise admissible" clause of section 241(f) to require that the alien have completed the administrative screening process necessary for entry as an *immigrant*. Although the decision in *Matter of Lee, supra,* was reversed in *Lee Fook Chuey* v. *INS,* 439 F.2d 244 (C.A. 9, 1970), we have deemed ourselves bound by the Attorney General's position, and we have thus felt constrained to reject the position taken by the Ninth Circuit. See *Matter of Mangabat,* Interim Decision No. 2131 (BIA 1972); *Matter of Perez-Echeverria,* Interim Decision No. 2200 (BIA 1973).

In this case, the respondent had lost his status as an alien lawfully admitted for permanent residence. Since he had not acquired a nonimmigrant status, he must be viewed as any immigrant alien seeking an initial admission to the United States. The respondent's lawful entry would therefore have required his presentation of a valid immigrant visa. To obtain an immigrant visa, it would have been necessary for the respondent to submit himself to the consular screening process mandated by the Act. Since the respondent has not undergone the required screening for the entry in question, and since the decision in *Matter of Lee, supra,* makes this element a prerequisite to a favorable determination on the "otherwise admissible" criterion of section 241(f), it is evident that the respondent fails to meet the conditions imposed by that provision. Accordingly, we find that his deportability has been established by evidence that is clear, convincing and unequivocal.

Having reviewed the record thoroughly, we find that a remand on the issue of voluntary departure is unnecessary. We are satisfied that the respondent is eligible for that relief, and consequently we will grant him 30 days voluntary departure on the record before us.

ORDER: The appeal is dismissed with respect to the application under section 241(f) of the Immigration and Nationality Act.

Further order: The decision of the immigration judge is modified, and the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.