MATTER OF M—P—

In DEPORTATION Proceedings

A-2467230

*Decided by Board June 27, 1962*

Creation of record of lawful entry—Section 249, 1952 act—Record of lawful admission for permanent residence still "available" notwithstanding subsequent deportability.

Requirement in section 249 of the 1952 Act that no record of lawful admission "is otherwise available" precludes creation of record of lawful admission for alien lawfully admitted for permanent residence in 1925 who last entered in 1957 and who became deportable in 1959. (*Matter of R—*, 8—598, distinguished.)

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of crime involving moral turpitude within 5 years after entry and sentenced for a year or more.

### BEFORE THE BOARD

**DISCUSSION:** The respondent has been found deportable as an alien convicted of a crime involving moral turpitude committed within 5 years after entry and thereafter sentenced to confinement for a year or more (8 U.S.C. 1251(a)(4)). An appeal from the special inquiry officer's order of deportation entered on June 1, 1959, was dismissed by this Board on October 23, 1959. The respondent now moves a reopening of the proceedings to receive an application for adjustment of status under section 249 of the Immigration and Nationality Act (8 U.S.C. 1259) and to petition for waivers of his ineligibility under section 5 of the Act of September 11, 1957 (Public Law 85-316; 8 U.S.C. 1182b). A memorandum in opposition to the motion has been submitted by the examining officer.

The respondent, a native and national of Mexico, male, married, 60 years of age, last entered the United States through the port of San Ysidro, California, on or about September 25, 1957, following a one-day visit to Mexico. He was convicted on March 26, 1959, in the Superior Court of Los Angeles, California, for assault with a deadly weapon (section 245, California Penal Code) committed on February 3, 1959. He was sentenced on April 22, 1959, to confinement in

747

the California State Prison for a period not to exceed 10 years. It is alleged that the respondent will be released from the State Penitentiary on or about May 7, 1962.

The respondent is married to a lawful resident alien and is the father of one resident alien and 6 citizen children. He has resided in the United States since his lawful admission for permanent residence at El Paso, Texas, on April 1, 1925. It is alleged in respondent's motion that his wife and one minor child need his support. The family income is derived from a small bakery owned by the respondent. It is also alleged that the respondent's wife cannot operate the bakery at a profit without the services of the respondent.

The respondent rests his claim to eligibility for adjustment of his status under section 249, *supra*, on a decision by the Assistant Commissioner of the Immigration and Naturalization Service, *Matter of R—*, 8—598 (March 9, 1960). The alien in *Matter of R—, supra*, originally entered the United States as a nonpreference quota immigrant on May 28, 1928. He visited in Canada during August of 1954 and reentered at St. Albans, Vermont on or about August 4, 1954. He falsely represented himself to be a citizen of the United States on the occasion of his reentry.

Section 249, *supra*, provides, *inter alia*, that the Attorney General, in his discretion, under certain conditions, may create a "record of lawful admission for permanent residence" for aliens who enter the United States prior to June 28, 1940, "*if no such record is otherwise available.*" (Emphasis supplied.) The Assistant Commissioner held in *Matter of R—, supra*, that no record of lawful admission was available within the meaning of section 249 because the alien's illegal reentry on or about August 4, 1954, vitiates the prior record of lawful admission. The alien R— was permitted to adjust his immigration status under section 249 notwithstanding the fact that his original entry was for lawful permanent residence.

The examining officer is of the opinion that *Matter of R—, supra*, is not controlling in this case because the respondent's last entry on or about September 25, 1957, is a lawful entry within the meaning of 8 CFR 211.1(b)(1).[1] The examining officer reasons that the respondent's "status has not changed" within the meaning of section 101(a)(20) of the Immigration and Nationality Act[2] (8 U.S.C. 1101(a)(20)) and therefore, he cannot qualify under section 249

[1] This regulation provides in substance that a resident alien may reenter the United States after a temporary absence abroad not exceeding one year upon presentation of his Alien Registration Recepit Card (Form I-151).

[2] Section 101(a)(20), Immigration and Nationality Act, provides:

The term "lawfully admitted for permanent residence" means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.

because a record of his lawful admission for permanent residence is available.

The respondent, on the other hand, maintains that the order of deportation now outstanding vitiates his prior entries for "lawful permanent residence" and, therefore, "no such record is otherwise available" within the meaning of sections 249 and 101(a)(20), *supra*. He reasons that his "status having changed" to that of an unlawful resident alien, no record of lawful entry would be available as of the date of his application for relief under section 249.

The phrase "such status not having changed" as used in section 101 (a)(20) of the Immigration and Nationality Act contemplates primarily aliens who have changed their status from immigrants to nonimmigrants. *Matter of S—*, 6—392 (Atty. Gen., 1955). The status of an alien whose original and subsequent entries have been for "lawful permanent residence"[3] does not change when he becomes excludable or deportable. Such an interpretation would render ineffective any waivers of inadmissibility now provided by the immigration laws. Accordingly, a record of respondent's admission for lawful permanent residence is available within the meaning of section 249, *supra*. The motion will be denied.

We are unaware of any provision of the immigration laws which would permit the respondent to adjust his immigration status while he remains in the United States. His status could be adjusted by the advance grant of permission to reapply for admission to the United States after deportation (8 U.S.C. 1182(a)(17)) and following his departure the respondent could seek a waiver of the criminal ground of exclusion under section 212(g) of the Immigration and Nationality Act (8 U.S.C. 1182(g)) when applying for a visa with which to return to his family in the United States (8 CFR 212.2 and 212.7). An appropriate order will be entered.

ORDER: It is directed that the motion be and the same is hereby denied.

---

[3] This conclusion is in full accord with our decision in *Matter of M—*, 5—642, where we held that an alien who had been admitted for permanent residence was considered to have had his status changed by a subsequent entry without inspection.