Reynaldo ANGULO–DOMINGUEZ, Petitioner–Appellant,

v.

John ASHCROFT, Attorney General, Respondent–Appellee.

No. 00–15767.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2001.

Filed May 21, 2002.

Vikram K. Badrinath, Vikram K. Badrinath, P.C., Tucson, AZ, for petitioner-appellant Reynaldo Angulo–Dominguez.

David W. Ogden, John J. Andre, John S. Hogan, United States Department of Justice, Washington, DC, for respondent-appellee John Ashcroft.

Before: PREGERSON and RAWLINSON, Circuit Judges, and WEINER, District Judge.*

* Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

WEINER, Senior District Judge.

## I.

Reynaldo Angulo–Dominguez appeals the district court's order denying his application for a writ of habeas corpus under 28 U.S.C. § 2241. Angulo–Dominguez contends that his deportation order violated the Constitution and the Immigration and Nationality Act ("INA"), because he was erroneously denied eligibility for relief under the Registry Statute ("Registry Statute"). INA § 249, 8 U.S.C. § 1259. Following the parties' initial briefing, we ordered additional briefing, in light of *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), directed to the question whether Angulo–Dominguez qualified for a discretionary waiver of deportation under the prevailing interpretation of INA § 212(c), 8 U.S.C. § 1182(c), at the time of his 1990 conviction. We affirm the district court's conclusion that Angulo–Dominguez is not eligible for relief under the Registry Statute. We remand the balance of this case to the district court to consider in light of the Supreme Court's ruling in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

## II.

Angulo–Dominguez is a native and citizen of Mexico. He entered the United States at Nogales, Arizona with his parents on September 16, 1967 shortly after his birth. He has lived in the United States continuously since his arrival. Angulo–Dominguez has been convicted of three drug offenses, and was sentenced to sixteen weekends incarceration, two and one half years incarceration, and ninety-six months incarceration, respectively.

Angulo–Dominguez was served with an Order to Show Cause on May 11, 1994, charging him with deportability pursuant to INA § 241(a)(2)(A)(iii), as an alien convicted of an aggravated felony, and § 241(a)(2)(A)(iii), as an alien convicted of controlled substance violations. An additional charge was later added for entering the United States at a place other than as designated by the Attorney General pursuant to INA § 241(a)(1)(B).

During his deportation proceedings, Angulo–Dominguez sought relief under the Registry Statute but was denied such relief because he did not satisfy the statutory requirements. The IJ determined that Angulo–Dominguez failed to meet the conditions of the statute since he was convicted of at least two crimes of moral turpitude, specifically his 1987 and 1990 marijuana trafficking convictions, and because he was ineligible for citizenship by virtue of his convictions for possession of a controlled substance. It is unclear in the record whether, at his immigration hearing, Angulo–Dominguez also sought a discretionary waiver from deportation under INA § 212(c).[1]

The BIA affirmed the IJ's order, finding that Angulo–Dominguez was not eligible for relief under the Registry Statute by virtue of having a record of his lawful entry, and was not eligible for relief under INA § 212(c) by virtue of having been convicted of an aggravated felony for which he served more than five years incarceration.[2] Angulo–Dominguez's direct appeal to this court was dismissed for want of jurisdiction pursuant to § 309(c)(4)(G) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA").

Angulo–Dominguez then filed his habeas petition pursuant to 28 U.S.C. § 2241, arguing that his deportation order is in violation of the Constitution and the INA because he was erroneously denied relief under the Registry Statute. The district court denied the habeas petition, finding that Angulo–Dominguez was ineligible for relief under the Registry Statute by virtue of having a record of his lawful entry and by virtue of his convictions for controlled substance violations. Angulo–Dominguez appeals the district court's denial of his habeas petition.

### III.

The district court's decision to grant or deny a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is reviewed de novo. *See Bowen v. Hood,* 202 F.3d 1211, 1218 (9th Cir.2000). While IIRIRA has merged deportation and exclusion proceedings into a broader category called "removal proceedings," it did not repeal the statutory habeas remedy provided by § 2241. *See Sulit v. Schiltgen,* 213 F.3d 449, 453 (9th Cir.2000).

### IV.

The Registry Statute provides that a "record of lawful admission for permanent residence may, in the discretion of the Attorney General ... be made in the case of any alien, as of the date of the approval

---

1. The IJ stated: "The respondent has been convicted of two aggravated felonies and his release from incarceration on his last aggravated felony was April 22, 1997. Under the new Act, there is no relief from deportation for persons who have been convicted of an aggravated felony and therefore, I have no choice but to order his deportation from the United States to Mexico."

2. Two months after Angulo–Dominguez entered his 1990 guilty plea, Congress amended the immigration laws to provide that "an alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years" shall not be eligible for a discretionary waiver under § 212(c). Immigration Act of 1990 ("IMMACT"), Pub.L. No. 101–649, § 511(a), 104 Stat. 4978, 5052.

of his application or, if entry occurred prior to July 1, 1924, as of the date of such entry, if no such record is otherwise available and such alien shall satisfy the Attorney General that he is not inadmissible under section 1182(a)(3)(E) of this title or under section 1182(a) of this title insofar as it relates to criminals, procurers and other immoral persons, subversives, violators of the narcotic laws or smugglers of aliens .... " 8 U.S.C. § 1259. The statute further provides that such relief is available only to an alien who: (1) entered the United States prior to January 1, 1972; (2) has had his residence in the United States continuously since such entry; (3) is a person of good moral character; and (4) is not ineligible for citizenship and not deportable under 8 U.S.C. § 1227(a)(4)(B). 8 U.S.C. § 1259.

## A. "No Record" Requirement.

■■■■ Angulo–Dominguez first argues that the Registry Statute's requirement that "no such record is otherwise available" applies only to aliens who entered the country prior to 1924. The district court was correct in finding that the plain language of the statute refutes appellant's argument. The Registry Statute is a "remedial provision designed to regularize the status of long-resident aliens legally in the country" by creating a legal record of entry for those who have none. *Beltran–Tirado v. INS*, 213 F.3d 1179, 1183 (9th Cir.2000) (quoting *Mrvica v. Esperdy*, 376 U.S. 560, 569, 84 S.Ct. 833, 11 L.Ed.2d 911 (1964) (Goldberg, J. dissenting)). Those for whom there *is* a record of entry have no need to "regularize" their status.

Moreover, the BIA has interpreted the "no record" requirement to apply to aliens who entered the United States after 1924. *See Matter of M–P*, 9 I & N Dec. 747, 1962 WL 12890 (BIA 1962)(alien who entered the country in 1925 and for whom there is a record of admission is not eligible for relief under the Registry Statute). We

"defer to the BIA's interpretation of immigration laws unless the interpretation is 'demonstrably irrational or clearly contrary to the plain and sensible meaning of the statute.'" *United States v. Estrada–Torres*, 179 F.3d 776, 779 (9th Cir.1999) (quoting *Bui v. INS*, 76 F.3d 268, 269–70 (9th Cir.1996)). The BIA's construction is not demonstrably irrational. Its interpretation is consistent with the holding of *Mrvica*, that the registry is a remedial device to create a record of entry where none exists, as well as with the legislative history. The Report of the Senate Committee on Immigration makes clear that the Registry Statute's purpose was to "authorize[ ] the Commissioner of Naturalization to issue new naturalization papers where they have become lost, mutilated, or destroyed." S.Rep. No. 70–1504 at 5 (1929).

Accordingly, we find that the district court did not err when it concluded that relief under the Registry Statute is only available to aliens who do not have a record of entry. Because Angulo–Dominguez cannot satisfy this "no record" requirement, he is ineligible for relief under this statute.

## B. Controlled Substance Violations.

■■■ In addition, Angulo–Dominguez does not meet the Registry Statute's conditions for eligibility. The statute provides that an alien is ineligible for registry, inter alia, if he is inadmissible under 8 U.S.C. § 1182(a) because of a conviction for a violation relating to a controlled substance offense.

Angulo–Dominguez's three marijuana convictions are controlled substance offenses as defined in 21 U.S.C. § 802 and, therefore, he is inadmissible under § 1182(a)(2)(A)(i). In addition, § 1182(a)(2)(B) provides that any alien convicted of multiple offenses for which

the aggregate sentences of confinement were five years or more is inadmissible. Angulo–Dominguez's aggregate sentences on his three convictions totaled ten years, six months and thirty-two days and, therefore, he is inadmissible under § 1182(a)(2)(B).

### C. Equal Protection Challenge.

■■■ Angulo–Dominguez next argues that the denial of relief under the Registry Statute to an alien who has a record of entry, while allowing such relief to an alien who does not have a record of entry, violates equal protection. Classifications involving aliens are subject to only a "rational basis" equal protection analysis. *Tapia–Acuna v. INS*, 640 F.2d 223, 225 (9th Cir.1981). We find the statutory scheme Congress created in enacting the Registry Statute meets the rational basis test.

The rationality of creating a special registry for those with no record of entry, but denying the same for those who entered the country legally, is manifestly apparent. One who entered legally has an actual record of admission; there is no need to create one. A lawful permanent resident already has the benefit the registry statute was designed to confer on those who did not enter legally, but have long-standing residence: a record of the alien's lawful entry. This provides the legitimate governmental purpose to support the enactment's constitutionality.

### V.

Last term, the Supreme Court issued its landmark ruling regarding the retroactive application of the provisions of AEDPA and IIRIRA that repealed discretionary relief from deportation under former INA § 212(c). *St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347. The Court held that " § 212(c) relief remains available for aliens ... whose convictions were obtained through plea agreements and who, not-withstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326, 121 S.Ct. 2271. As the Court noted, the preservation of § 212(c) relief is a particularly important defense to removal because 90% of convictions are through guilty pleas, *see id.* at 324 n. 51, 121 S.Ct. 2271, and, in the past, more than 50% of the applications for § 212(c) relief were granted, *id.* at 296 n. 5, 121 S.Ct. 2271. The Court also noted in *St. Cyr* that "the judgment whether a particular statute acts retroactively should be informed and guided by familiar considerations of fair notice, reasonable reliance, and settled expectations." *Id.* at 321, 121 S.Ct. 2271 (internal quotations and citations omitted). We ordered supplemental briefing to determine the effect of *St. Cyr* on Angulo–Dominguez's habeas petition.

*St. Cyr* concerned the retroactive application of AEDPA and IIRIRA, the 1996 laws which expanded the category of aliens who could be deported, and repealed § 212(c). This case concerns the retroactive application of the Immigration Act of 1990 ("IMMACT"), which amended former § 212(c) to provide that "an alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years" shall not be eligible for a discretionary waiver under ˙ § 212(c). Pub.L. No. 101–649, § 511(a), 104 Stat. 4978, 5052. Both *St. Cyr* and the case at issue, however, concern eligibility for relief pursuant to § 212(c) where the conviction at issue predates the disqualifying enactment.

In *St. Cyr*, the Court applied the *Landgraf* factors and held that the retroactive application of AEDPA and IIRIRA was improper because: (1) Congress failed to direct with requisite clarity that the law applied retroactively; and (2) such an application would have a genuine retroactive

effect, i.e., it attaches a new disability to an alien who entered a guilty plea with the expectation that he would be eligible for § 212(c) relief. *St. Cyr*, 533 U.S. at 314–25, 121 S.Ct. 2271 (citing *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)).

Angulo–Dominguez would have been eligible for § 212(c) relief when he entered his guilty plea in 1990. Under the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–69, 102 Stat. 4181, 4469–73 §§ 7342–50 (1988), as amended by IMMACT § 501(a)(2), Angulo–Dominguez's conviction for possession of marijuana with intent to distribute renders him deportable and, thus, in need of § 212(c) relief. Former § 212(c) gave the Attorney General discretion to waive the deportation of certain deportable lawful permanent resident aliens. INA § 212(c), 8 U.S.C. § 1182(c) (repealed 1996). Prior to the enactment of IMMACT, an alien was eligible for § 212(c) relief if the alien was: (1) presently a lawful permanent resident of the United States and (2) had accrued seven consecutive years of lawful unrelinquished domicile in the United States.[3] *See Avila–Murrieta v. INS*, 762 F.2d 733, 734 (9th Cir.1985) (citing 8 U.S.C. § 1182(c)). Angulo–Dominguez entered the United States in 1967 as a lawful permanent resident. Angulo–Dominguez was one month old when he entered the United States with his parents and has lived continuously in the United States since his lawful entry. Thus, Angulo–Dominguez would have been eligible for discretionary relief at the time he entered his guilty plea in 1990. With that in mind, a determination is required whether the application of IMMACT to Angulo–Dominguez has an impermissibly retroactive effect. Because the district court's ruling was rendered in the absence of the guidance set forth in *St. Cyr*, it is appropriate to remand this case for the district court, in the first instance, to determine the effect, if any, *St. Cyr* has on this matter. *See Wyatt v. Terhune*, 280 F.3d 1238, 1244 (9th Cir.2002) (recognizing that remand to the district court is appropriate in light of a new case that is "likely to influence the decision.")

AFFIRMED in part, and REMANDED in part.

---

**3.** The statute provides: "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General .... " 8 U.S.C. § 1182(c) (1990). Although the language of section 212(c) refers only to the admission of aliens otherwise subject to grounds of exclusion, it has been interpreted to apply in deportation proceedings. *See Tapia–Acuna v. Immigration and Naturalization Service*, 640 F.2d 223, 224 (9th Cir.1981).