Jose Luis **HARO–RAMOS**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 01–70663.

INS No. A90–637–375.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2002.*

Decided Aug. 6, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Before REAVLEY,** TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM***

Jose Luis Haro–Ramos ("Haro"), a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") which affirmed an Immigration Judge's ("IJ") deportation order. Petitioner, a lawful permanent resident since 1990, was found deportable for entering the United States without inspection in violation of former § 241(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(1)(B) (1994). He contends that he was deprived of effective assistance of counsel both before the IJ and the BIA and that the errors of his counsel caused him prejudice and denied him his due process rights under the Fifth Amendment. He further contends that the IJ erred by declining to grant him a continuance and by allowing him to be represented by a legal intern at his deportation hearing. We deny the petition.

█ Because deportation proceedings were *commenced against Haro prior to April 1, 1997, and the final order of depor-*

tation was entered after October 30, 1996, we have jurisdiction over his petition pursuant to 8 U.S.C. § 1105a, as amended by § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000). However, because Haro should have raised his ineffective assistance of counsel claim in a motion to reopen before the BIA, "citing his counsel's incompetence ... as the reason the new evidence 'was not available and could not have been discovered or presented at the former hearing,'" he has failed to exhaust his administrative remedies and we lack jurisdiction over his ineffective assistance of counsel claim. *See Roque–Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir.1985) (quoting 8 C.F.R. § 3.2); *see also Arreaza–Cruz v. INS*, 39 F.3d 909, 912 (9th Cir.1994).

█ In any event, Haro's ineffective assistance of counsel claims fail on the merits because he has failed to demonstrate that he was prejudiced by his counsel's performance. *See Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999). First, the "tactical" decision not to raise a defense under the doctrine of *Rosenberg v. Fleuti*, 374 U.S. 449, 462, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963), an argument which would have drawn attention to some unsavory details surrounding Haro's entry, did not constitute ineffective assistance of counsel. *See Magallanes–Damian v. INS*, 783 F.2d 931, 934 (9th Cir.1986). Second, Haro was not prejudiced by his counsel's failure to investigate or to apply for relief under the Registry Statute. At the time of his proceedings before the IJ and the BIA, Haro was statutorily ineligible for

---

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

relief under the Registry Statute because he became deportable subsequent to his lawful admission for permanent residence. *See Angulo–Dominguez v. Ashcroft,* 290 F.3d 1147, 1150 (9th Cir.2002).

Haro next contends that the IJ erred when he refused to grant him a continuance to allow him to apply for registry. While the BIA failed to address this claim, Haro had sufficiently raised this claim before it, and the issue is now properly before this court. Based on the "facts and circumstances" of his case, however, we conclude that it was not an abuse of discretion for the IJ to decline to grant a continuance. *See Baires v. INS,* 856 F.2d 89, 91 (9th Cir.1988). As we have indicated above, Haro was ineligible for relief under the Registry Statute. Thus, a continuance to apply for registry would have been futile.

■ Finally, Haro contends that the IJ violated 8 C.F.R. § 292.1(a)(2) by permitting a legal intern from his attorney's office to represent him.[1] While the record shows neither that the legal intern met all of the qualifications of § 292.1 nor that a violation definitely took place, we conclude that even if the alleged violation did occur, it did not render Haro's deportation order invalid because he has not made a prima facie showing that the representation prejudiced his interests. *See United States v. Cerda–Pena,* 799 F.2d 1374, 1377–79 (9th Cir.1986).

For the foregoing reasons, the petition for review is **DENIED.**

---

1. Haro's attorney was present in Immigration Court while he was being represented by the intern.