Silviano **LOPEZ–PALOMINO,**
Petitioner—Appellant,

v.

John **ASHCROFT,** Attorney General,
Respondent—Appellee.

No. 02–15675.
D.C. No. CV–01–21217–JF.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2003.*

Decided April 22, 2003.

Before B. FLETCHER, KOZINSKI,
and TROTT, Circuit Judges.

MEMORANDUM**

Silviano Lopez–Palomino ("Petitioner") appeals the district court's denial of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, seeking relief from the Board of Immigration Appeals's ("BIA's") decision affirming the Immigration Judge's denial of his motion to reopen. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo a district court's decision to grant or deny a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Angulo–Dominguez v. Ashcroft,* 290 F.3d 1147, 1149 (9th Cir. 2002). An alien who is ordered deported in absentia may have the deportation order rescinded upon a motion to reopen if the failure to appear was caused by "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "The term 'exceptional circumstances' refers to exceptional circumstances (such as serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circum-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

stances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1).

In the totality, the only circumstances relevant to Petitioner's failure to appear at the hearing are (1) proper notice of the hearing sent to and received by his attorney, and (2) the failure of his relatives to give him his mail. Those are not "exceptional" circumstances. *See Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000) (holding that an alien's claim of inadequate notice is not grounds for rescinding a deportation order when notice was properly served on the alien's attorney); *Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997) (holding that the alien failed to demonstrate exceptional circumstances when notice was mailed to his address of record and receipt was acknowledged by someone at that address). The lack of exceptional circumstances is particularly pronounced in Petitioner's case since the problem with his relatives was ongoing and easily corrected.

Contrary to Petitioner's assertion, *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), is not a relevant change in the law. Under *St. Cyr,* Petitioner was entitled only to what the BIA already granted him, a hearing on whether discretionary relief under INA § 212(c) (repealed 1996) would be granted. *St. Cyr,* 533 U.S. at 326.

Finally, denial of Petitioner's motion to reopen is not unconscionable under *Singh v. INS,* 295 F.3d 1037 (9th Cir.2002). Unlike Mr. Singh, Petitioner was not the beneficiary of an approved visa petition and the INS has not conceded that he would not have been deported had he appeared for the hearing. *Id.* at 1039. Rather, Petitioner's case is more like *Valencia–Fragoso v. INS,* 321 F.3d 1204 (9th Cir. 2003), and *Sharma v. INS.,* 89 F.3d 545 (9th Cir.1996), because, "at best," his "only

possibility of relief from deportation" was discretionary. *Valencia–Fragoso,* 321 F.3d at 1206.

The district court's denial of Petitioner's habeas corpus petition is

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts