David **CONTRERAS–CASTILLO,**
Petitioner—Appellant,

v.

John **ASHCROFT,** Attorney General,
Respondent—Appellee.

No. 02–16076.

D.C. No. CV–02–00792–FJM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2003.

Decided May 16, 2003.

Before B. FLETCHER, KOZINSKI, and TROTT, Circuit Judges.

## MEMORANDUM *

David Contreras–Castillo ("Petitioner") appeals from the district court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. We review the district court's decision de novo. *Angulo–Dominguez v. Ashcroft,* 290 F.3d 1147, 1149 (9th Cir.2002). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and we affirm.

Petitioner argues that the district court erred in concluding that a previous decision of this court is preclusive on the merits of his arguments. We need not address that issue because we hold that Petitioner was convicted of a crime of violence for which the term of imprisonment was at least one year. Petitioner was convicted of corporal injury to a spouse/cohabitant, in violation of California Penal Code § 273.5(a), an undisputed crime of violence, punishable "by imprisonment in the state prison for two, three, or four years, or in the county jail for not more than one year," and he was sentenced to 365 days in jail. Therefore, pursuant to 8 U.S.C. § 1101(a)(43)(F), he was convicted of an aggravated felony. *United States v. Corona–Sanchez,* 291 F.3d 1201, 1210 (9th Cir.2002) (en banc). That Petitioner received credit for serving fifty days of his sentence prior to the sentencing hearing is of no consequence.

This court's decision in *Corona–Sanchez* does not help Petitioner. There, we held that an offense otherwise punishable by less than 365 days in jail cannot be raised to the level of an aggravated felony by application of recidivist enhancements. *Id. Corona–Sanchez* does not, as Petitioner

argues, establish that the entire sentencing scheme should be considered in determining whether the conviction qualifies as an aggravated felony. To the contrary, if anything, *Corona–Sanchez* supports a conclusion that only the statute of conviction should be considered without reference to other provisions that either enhance or credit the permissible and imposed sentence.

The alleged "facial flaw" in the underlying conviction is a collateral attack on a state court conviction that we cannot entertain here. *Contreras v. Schiltgen,* 151 F.3d 906, 908 (9th Cir.1998); *see also Ortega de Robles v. INS,* 58 F.3d 1355, 1358 (9th Cir.1995).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.