**Sergio RAYA–BAEZ, Petitioner— Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent—Appellee.**

No. 02–17220.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Wynter's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM **

Sergio Raya–Baez, a native and citizen of Mexico, appeals the district court's judgment denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we review de novo. *Angulo–Dominguez v. Ashcroft,* 290 F.3d 1147, 1149 (9th Cir.2002). We affirm.

Raya–Baez challenges the decision of the Immigration and Naturalization Service ("INS") to reinstate his prior order of deportation under 8 U.S.C. § 1231(a)(5). However, Raya–Baez entered into a plea agreement with the government in his illegal reentry case under 8 U.S.C. § 1326(a), which expressly agreed to the reinstatement of the prior deportation order, and waived his right to contest the reinstatement. Accordingly, the district court correctly found that Raya–Baez's petition is barred by the express terms of his plea agreement. *See, e.g., United States v. Baramdyka,* 95 F.3d 840, 843 (9th Cir. 1996) (holding that a waiver of the right to appeal will be upheld if it is knowing and voluntary).

We reject Raya–Baez's contention that counsel in his section 1326 proceeding was ineffective because Raya–Baez cannot show prejudice. *See id.* at 844 (noting that a defendant must show that he was prejudiced by counsel's actions); *Armendariz–*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Montoya v. Sonchik,* 291 F.3d 1116, 1121–22 (9th Cir.2002) (stating that the elimination of 212(c) relief was not impermissibly retroactive where defendant was convicted after a jury trial).

**AFFIRMED.**