Diana AYALA–HERNANDEZ,
Petitioner—Appellant,

v.

Adele J. FASANO, District Director;
et al., Respondents—Appellees.

No. 02–56693.

D.C. No. CV–02–00917–JTM.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 20, 2003.

Before PREGERSON, REINHARDT,
and GRABER, Circuit Judges.

MEMORANDUM**

Diana Ayala–Hernandez, a native and citizen of Mexico, appeals the district court's judgment denying her petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We review de novo, *Angulo–Dominguez v. Ashcroft,* 290 F.3d 1147, 1149 (9th Cir. 2002), and we may affirm on any ground finding support in the record, *Cigna Prop. and Cas. Ins. Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 418 (9th Cir.1998). We affirm.

Ayala–Hernandez contends that she is eligible for cancellation of removal because her 1996 felony drug conviction under California Health and Safety Code § 11360(a) does not constitute an aggravated felony in light of *United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001) (en banc) (holding that a conviction under section 11360(a) is not an aggravated felony on its face because the statute criminalizes solicitation). We disagree.

Ayala–Hernandez conceded in her signed plea agreement that she "imported over 28 oz. of marijuana into the state." *See Huerta–Guevara v. Ashcroft,* 321 F.3d 883, 888 (9th Cir.2003) (stating that under the modified categorical approach, judicially noticeable facts in the record may document the elements of conviction). There-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fore, the record supports a finding that she was convicted of the aggravated felony of drug trafficking as defined by 18 U.S.C. § 924(c). *See United States v. Ibarra–Galindo,* 206 F.3d 1337, 1339 (9th Cir. 2000) (rejecting argument that state felony offense does not come within the definition of "drug trafficking crime" in section 924(c) unless it is also punishable as a felony under federal law).

We reject Ayala–Hernandez's contention that she is eligible for a waiver of deportation pursuant to former section 212(c) of the Immigration and Nationality Act because she reasonably relied upon the availability of such relief at the time of her 1995 drug conviction. Because Ayala–Hernandez was convicted of an aggravated felony in 1996, after the AEDPA effective date, she would not have been eligible for section 212(c) relief under the law then in effect. *See INS v. St. Cyr,* 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

We lack jurisdiction over Ayala–Hernandez's contention that the Immigration and Naturalization Service should have placed her in exclusion proceedings at the time of her 1996 conviction. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 598–99 (9th Cir. 2002).

*AFFIRMED.*