**Preetpal SINGH, Petitioner—Appellant,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft, Attorney General; Robert S. Coleman, Jr., Respondents—Appellees.**

No. 02–35984.

D.C. No. CV–01–00993–MJP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2003.

Decided June 23, 2003.

Before HUG, B. FLETCHER, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

Preetpal Singh ("Singh") appeals the district court's denial of his habeas corpus petition challenging his detention and threatened removal by the Immigration and Naturalization Service ("INS"). We review de novo the district court's decision to deny his petition. *See Angulo–Dominguez v. Ashcroft,* 290 F.3d 1147, 1149 (9th Cir.2002).

Singh filed his petition under 28 U.S.C. § 2241 while in custody pending the INS's reconsideration of his application for temporary resident status based on his alleged status as a seasonal agricultural worker ("SAW"). In his petition, Singh sought a stay of removal and release from custody pending the INS's reconsideration of this SAW application pursuant to a settlement reached in a class action to which Singh was a party. The district court granted a stay of removal pending a decision on the application, which was ultimately denied by the INS. Also, Singh was released on bond. Under the terms of the settlement agreement, the INS's decision is not subject to review. The district court properly dismissed Singh's § 2241 petition as moot. *See Picrin–Peron v. Rison,* 930 F.2d 773, 775 (9th Cir.1991).

Singh also contends that the district court denied him due process by not holding an evidentiary hearing. A district court reviewing a petition is under no obligation to hold a hearing, however, unless a petitioner asserts facts " 'which, if true, would entitle him to relief.' " *Campbell v. Blodgett,* 978 F.2d 1502, 1519 (9th Cir. 1992) (quoting *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)). Singh never sought review of his SAW application by the district court and, pursuant to his settlement agreement, could not do so. He did not even request an evidentiary hearing until filing an objection to the Magistrate's Report and Recommendation. No evidentiary hearing was warranted as there was nothing to consider. The district court therefore did not err in declining to hold a hearing.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.