**Salesh KUMAR, Petitioner—Appellant,**

v.

**John ASHCROFT, Attorney General, Respondent—Appellee.**

No. 03–15277.

D.C. No. CV–03–00319–MJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2004.

Decided Jan. 29, 2004.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner–Appellant.

Edward Olsen, U.S. Attorney Office, San Frnacisco, CA, for Respondent–Appellee.

Before WALLACE, McKEOWN, and CALLAHAN, Circuit Judges.

## MEMORANDUM*

Salesh Kumar appeals the district court's denial of his habeas corpus petition.

On appeal, Kumar contends that the district court erred in denying his habeas petition because he was eligible for waiver from removal under § 212(c), 8 U.S.C. § 1182(c), of the Immigration and Naturalization Act. The district court held that Kumar was ineligible for § 212(c) relief because he was an aggravated felon. We review *de novo* a district court's decision to grant or deny a petition for a writ of habeas corpus. *Angulo–Dominguez v. Ashcroft,* 290 F.3d 1147, 1149 (9th Cir. 2002).

Kumar further contends that the district court erred when it applied § 440(d) of the Antiterrorism and Death Penalty Act (AEDPA) and § 321 of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) retroactively to determine that he was an aggravated felon. These contentions are not persuasive.

Kumar pled *nolo contendere* to forcible rape and false imprisonment on May, 14, 1996, which was after the enactment of AEDPA § 440(d) on April 24, 1996. The application of § 440(d) to post-enactment guilty or *nolo contendere* pleas is not retroactive. *United States v. Velasco–Medina,* 305 F.3d 839, 850 (9th Cir.2002).

In addition, IIRIRA § 321 is not impermissibly retroactive even when applied to pre-enactment guilty or *nolo contendere* pleas because Congress expressly intended to make the statute retroactive. *Aragon–Ayon v. INS,* 206 F.3d 847, 852–53 (9th Cir.2000). Accordingly, Kumar met the definition of an aggravated felon when he was determined to be ineligible for removal because he was sentenced to more than one year in prison for crimes of violence. 8 U.S.C. § 1101(43)(F); *United States v. Echavarria–Escobar,* 270 F.3d 1265, 1270–

---

1271 (9th Cir.2001). Kumar is, thus, ineligible for relief under § 212(c).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.