**George TRAILOV, Petitioner— Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; William N. Johnston, District Director, INS, Respondents—Appellees.**

No. 03–35505.

D.C. No. CV–03–00072–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2004.*

Decided Feb. 13, 2004.

Nicholas W. Marchi, Esq., Carney & Marchi, P.S., Seattle, WA, for Petitioner–Appellant.

Christopher Lee Pickrell, Esq., Robert T. Seder, USSE–Office of the U.S. Attorney, Seattle, WA, for Respondents–Appellees.

Before D.W. NELSON, FISHER and GOULD, Circuit Judges.

MEMORANDUM **

George Trailov appeals the district court's denial of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, seeking relief from the Board of Immigration Appeals' ("BIA's") decision affirming the Immigration Judge's ("IJ's") denial of his motion to reopen. We review de novo a district court's decision to grant or deny a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Angulo–Dominguez v. Ashcroft*, 290 F.3d 1147, 1149 (9th Cir.2002). We have jurisdiction to review habeas claims alleging constitutional or statutory error in the deportation process. *See* 28 U.S.C. § 1291; *Gutierrez–Chavez v. INS*, 298 F.3d 824, 828–30 (9th Cir.2002). The parties are familiar with the factual and procedural history of this case, so we recount it here only as necessary.

The Immigration Judge ordered Trailov removed *in absentia* when he failed to appear for a hearing on whether discretionary relief under former INA § 212(c), 8 U.S.C. § 1182c (repealed 1996), would be granted. An alien who is ordered deported *in absentia* may have the deportation order rescinded upon a motion to reopen if the failure to appear was caused by "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). The decision of whether to grant a motion to reopen is discretionary, however. *See* 8 C.F.R. § 1003.23(b). The BIA's decision of whether to reopen a case *sua sponte*, moreover, is subject to the BIA's unfettered discretion. *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002). The IJ's decisions not to grant Trailov's motion and not to reopen his case *sua sponte* did not involve Trailov's statutory eligibility for relief or any matters of statutory or constitutional interpretation. Nor did the BIA's decision to affirm the IJ. Rather, these decisions merely involved exercises of discretion, which we lack jurisdiction to review in habeas.

Contrary to Trailov's assertion, *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), is not a relevant change in the law. Under *St. Cyr*, Petitioner was entitled only to a hearing on whether discretionary relief under INA § 212(c) would be granted. *St. Cyr*, 533 U.S. at 326, 121 S.Ct. 2271. The IJ provided such a hearing, but Trailov did not attend it. That Trailov was ordered removed after not attending the hearing did not involve a violation of his statutory or constitutional rights.

*St. Cyr* also leads us to reject Trailov's argument that the dismissal of his habeas petition would violate his constitutional right to meaningful habeas review. There,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the Court stressed that habeas should remain available to answer pure questions of law. 533 U.S. at 307–08, 121 S.Ct. 2271. This case presents no such question.

Finally, Trailov has waived his summary affirmance and equal protection claims because he did not brief them. *See Ceja v. Stewart*, 97 F.3d 1246, 1252 (9th Cir.1996).

Because Trailov's habeas petition poses no statutory or constitutional questions, we conclude that the district court properly dismissed it for lack of jurisdiction.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.